UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to: *Perillo v. Monsanto Co.*, Case No. 3:21-cv-02550-VC | **PRETRIAL ORDER NO. 311: ORDER GRANTING MONSANTO'S MOTION TO EXCLUDE EXPERT DORJEE**<br>Re: Dkt. No. 19047 |

Monsanto's motion to exclude the testimony of Dr. Kunchok Dorjee is granted. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, the prior *Daubert* rulings in this MDL, and the arguments made by the parties. *See generally In re Roundup Products Liability Litigation*, 390 F. Supp. 3d 1102 (N.D. Cal. 2018) (Pretrial Order No. 45, Dkt. No. 1596); *In re Roundup Products Liability Litigation*, 358 F. Supp. 3d 956 (N.D. Cal. 2019) (Pretrial Order No. 85, Dkt. No. 2799); *Hardeman v. Monsanto Company*, 997 F.3d 941 (9th Cir. 2021).

Dorjee's general causation opinion is so clearly deficient that it barely needs to be discussed. His "fresh meta-analysis"—the centerpiece of his opinion—is a regurgitation of the junk science used in Zhang 2019 combined with selectively pruned and unadjusted data from an additional study, Meloni 2021. *See* Pretrial Order No. 293 (Dkt. No. 18661). Dorjee does not seriously engage with the breadth of the relevant literature, and his incorporation of Dr. Portier's general causation opinion cannot rescue his own. Dorjee's general causation opinion is excluded.

Although Dorjee, as an epidemiologist, is likely qualified to opine on general causation (which Monsanto does not contest), he is not qualified to opine on specific causation because he

has no experience in identifying the cause of an individual's cancer. He is not an oncologist, a toxicologist, or a pathologist; he is not board certified in any medical discipline in the U.S.; he has minimal clinical experience (apparently none in providing treatment to cancer patients) and has never treated a patient with NHL. Perillo's defense of Dorjee's credentials boils down to listing his degrees and teaching positions, none of which seem to involve any experience or training in doing differential etiology. Opp. at 6. And the Court has not found any mention of identifying the cause of an individual's cancer (as opposed to population-level research) in his report or deposition. Without that experience, Dorjee cannot opine on what caused the plaintiff's cancer.

To be clear, if Dorjee had training or experience in doing differential etiology, his lack of medical credentials or clinical experience would not necessarily disqualify him. In prior orders, the Court has expressed skepticism at some Ninth Circuit language suggesting courts should give deference in the area of differential etiology to doctors who treat patients or diagnose diseases, since most doctors who treat patients or diagnose diseases do not also attempt to identify the cause of the disease for their patients. *See, e.g.*, Pretrial Order No. 295 (Dkt. No. 19614) at 1; Pretrial Order No. 289 (Dkt. No. 17841) at 5 n.4; Pretrial Order No. 292 (Dkt. No. 18367) at 5 n.1. That skepticism also runs in the other direction: this ruling should not be interpreted to mean that a person with experience or training doing differential etiology must also have clinical experience treating or diagnosing diseases to opine on specific causation.

The parties appear to agree that even without Dorjee's testimony, Perillo may be able to present admissible specific causation evidence through his other experts, Dr. Mehta and Dr. Bobst. If Monsanto believes Perillo has no admissible specific causation evidence once the Court decides Monsanto's motions to exclude those experts, Monsanto should refile its motion for summary judgment.

**IT IS SO ORDERED.**

Dated: February 24, 2025

_____
VINCE CHHABRIA
United States District Judge